HENRY B. TRUETT, appellant, v. CHARLES B. WAINWRIGHT et al., appellees.

*Appeal from Jo Daviess. Co. Court.*

A. being indebted to B. and being suddenly called away from his business, gave to C., his general agent, a sheet of paper with his signature at the foot of it, for the purpose of being filled up with a letter of attorney to confess a judgment. He took it to the attorney who held the claim for collection, who wrote a letter of attorney over the signature and then suggested to the agent that he add a scroll to the name of his principal, that being the most usual mode of executing such papers. He complied with the suggestion and then delivered the paper to the attorney: *Held,* that the letter of attorney was sufficient, and that, although it was usual to affix a seal or scroll to such instruments, it was not necessary.

THIS case was heard in the Jo Daviess County Court, before the Hon. Hugh T. Dickey, at the September term 1847, when a former judgment of the Court at the July term in favor of the appellees, who were plaintiffs below, for $503·25, was in all things affirmed.

The several proceedings in the Court below are stated in the Opinion of this Court.

*S. T. Logan,* for the appellant.

*T. Ford,* for the appellees, cited the following authorities: 1 Salk. 86; 1 Stra. 693; 1 Binney, 214, 469; 6 Johns. 300, 301, 310, 317; 9 Wend. 439; 3 Dallas, 331; 12 Sarg. & Rawle, 243; 2 Gilm. 635; 1 Ohio Cond. R. 658; Bre. 258; 1 Scam. 428; 6 Littell, 186; 6 Johns. 34; 1 Scam. 291; 1 Peters, 155.

The Opinion of the Court was delivered by

KOERNER, J.*  At the July term 1845, of the Jo Daviess County Court, E. B. Washburne, an attorney of that Court, filed a warranty of attorney, purporting to be under the hand

---

*LOCKWOOD, J. did not sit in this case.

and seal of the appellant, H. B. Truett, directed to Thomas Drummond Esq., or any other attorney of any Court of record in this State, and authorizing such attorney (waiving all process,) to confess judgment in favor of Wainwright & Co., (the appellees,) for the amount due, with legal interest, upon a certain bill of exchange for $640.19; which warrant of attorney bears the signature of Miers F. Truett as a subscribing witness. At the same term judgment was entered up upon this warrant, for the sum of $503.25, the plaintiff's attorney having allowed a credit, and execution was awarded.

At the April special term 1847, the appellant, H. B. Truett, moved the Court to stay the execution and set aside the said judgment, upon filing an affidavit which was intended to show that the said Truett had never given proper authority for the confession of such judgment, and which alleged that since the rendition thereof, he had ascertained that in fact nearly the whole of said bill of exchange had been paid from the proceeds of certain merchandize, left in the hands of the plaintiffs for that purpose, at the time when the bill of exchange was drawn and accepted. The affidavit also avers, that he had never sanctioned or assented to the proceedings in obtaining said judgment.

Counter affidavits having been filed by J. P. Hoge, the attorney for Wainwright & Co., and by E. B. Washburne, the Court ordered a stay of the execution, and a suspension of the judgment, directing at the same time that the said judgment should stand as a security, so far as the plaintiffs might maintain their claim in the premises. The plaintiffs were ordered to file a declaration in this cause, and leave was given to defendant to enter his appearance and to plead. The counsel for Truett excepted to this decision of the Court, but the plaintiffs having filed their declaration, the defendant appeared and pleaded to the action at the September term 1847. Before trial defendant asked leave to withdraw his pleas, which having been refused, the case was by agreement tried by the Court, who found the issues for the plaintiff. The Court thereupon ordered that the former

judgment be in all things affirmed, as of the July term 1845. From this judgment Truett prosecutes this appeal.

The errors assigned resolve themselves all in one, that the Court erred in not wholly setting aside the said first judgment. It is not necessary to set out the affidavits at full length. When properly understood they are not inconsistent with one another, and the merits of the controversy can be readily ascertained. It may be remarked, however, that the affidavit of the appellant is by no means as precise and free from ambiguity as it should be, and that it gives room for inferences both ways, which, according to the well settled rule in such cases, must be drawn when they fairly permit of more than one construction in favor of his adversary.

In the first place, then, Truett does not deny, but what his name, which appears to the warrant of attorney was signed by him; but he avers that said warrant was not executed by him, "in the manner in which it now appears," but that it was executed by Miers F. Truett, then acting as his general agent, but not authorized by him "by any power under seal," to do this or any other act, and that it was given by said Miers without the knowledge or consent, and in the absence of him, the affiant. It is also stated in the affidavit, that he had no notice of the time that judgment was intended to be taken by plaintiffs, nor that he assented to a judgment being taken.

The affidavit of Mr. Hoge, while it presents the facts of the case in a very lucid manner, explains at the same time very satisfactorily, the somewhat ambiguous passages of the affidavits of Truett, which have just been mentioned.

Mr. Hoge had several conversations with appellant concerning this claim in the spring of 1845. Truett made a statement in regard to certain goods left and attached in Pittsburgh for the purpose of satisfying this claim, whereupon Mr. Hoge showed him a record of the proceedings in the attachment suit in Pittsburgh, and the sheriff's return of the sale of the goods, stating that this amount would be credited, but that unless he would satisfy the balance or give a power of at-

torney to confess a judgment, he would have to sue him to the next term. Truett then promised that if Hoge would not sue him, he would arrange the matter before he (Truett,) would depart for the East. Truett having made this promise, no suit was brought, but Truett left for the East without making such arrangement. Sometime afterwards Miers F. Truett, the brother of appellant, called, and upon Mr. Hoge's complaint that appellant had disappointed him, and had made it impossible to obtain service on him, the said M. F. Truett stated that his brother had called before leaving, but had not been able to find Mr. Hoge; that he had left the matter with him to be arranged. He then produced a sheet of paper with the signature of the said Henry B. Truett at the foot thereof, but without a seal, being the same paper now on file, and upon which the judgment was entered up, stating that it had been left by his brother for the purpose and with full authority to him to make any satisfactory arrangement with said Hoge. Upon suggestion that a scroll had better be added to it, this being the most usual mode of executing such papers, Miers F. Truett attached a scroll to it, and, the warrant of attorney having been written over the signature by Hoge, delivered it to the latter.

At the early part of the term, and before judgment was entered up, the appellant returned from the East, called upon Hoge and requested him to indorse a credit on said claim for some $300 or $400·00, which was declined, as Hoge had not been advised by his client to do so, and Truett produced no evidence of such credit. Truett then intimated that he would defend the case, but was told by Mr. Hoge that all he could do was to delay the case near to the close of the term, so that if he received advices he could act accordingly. Judgment, in consequence of this promise, was not entered until the last day but one of the term. During this conversation, Truett never questioned or denied the authority of said Miers to give said warrant of attorney, or that he had left the paper with said Miers for the purpose to which it was applied.

The affidavit of Mr. Washburne shows, that about the same

time Miers F. Truett, in order to arrange a claim which Hempstead & Washburne held against him, presented a paper with the name of said Henry B. Truett, under similar circumstances, and also for the purpose of writing a warrant of attorney over it; that said Miers also added a seal to it, and that said power of attorney was used accordingly, and the judgment obtained thereon was paid by said Henry B. Truett.

From all this it is apparent, that Truett, the defendant below, had no reason to complain of the order of the Court made in the premises. This Court has already decided, in *Lyon* v. *Boilvin*, 2 Gilm. 629, a case that was well considered, and in which the authorities upon which the decision is founded were fully examined, that where judgment has been obtained against a party represented by one who was wholly unauthorized to appear, the Court may set aside such judgment on reasonable terms. The order of the Court made in this case is almost identical with the one now before us. The counsel for the appellant is not inclined to question the correctness of that decision, but insists that a distinction is to be taken; that in cases where Courts have set aside judgments in part only, and on terms, the facts did not show that there was the slightest fault on the part of the plaintiffs; that in such cases the defendants appeared by the record as being regularly in Court, and that they had no reason to doubt their right of taking judgments. Whenever it appears that the party who obtained the judgment acted throughout *bona fide,* the counsel admits that it is but right and proper that the plaintiff should not lose the fruits of his diligence, when the defendant asks as a favor of the Court to be relieved from the consequences of the misconduct of a third party, who has equally imposed upon the plaintiff and the defendant, and to whom according to the strict law as it stood in former times, the defendant had alone to look for redress. But the counsel contends it is far different, when the plaintiff himself, as in this case, was instrumental in procuring an unauthorized appearance. In such a case the Court has no discretion, and must at once

wholly set aside the judgment so obtained by the procuration of the plaintiff. We have no hesitation in admitting the truth of this proposition to a certain extent. Whenever the Court is satisfied that the plaintiff acted *mala fide* in the matter, then it follows, as a necessary consequence, that a judgment procured by fraud should be instantly set aside. Fraud not only vitiates contracts, but the most solemn legal records are for nought esteemed, whenever they rest on the basis of fraud. But we are most clearly of opinion that the present case, can by no manner of means, be classed with cases of fraud. The counsel for plaintiff, Wainwright, seems to have acted with the most perfect good faith. He had proposed that such a warrant should be executed by Truett. Accidentally no interview had taken place between him and Truett, before the latter's departure. The general agent of defendant presents himself with a paper, bearing the genuine signature of defendant, and declares his authority to act in the matter. The counsel might have easily procured personal service, but had delayed it on account of defendant's promise to arrange the matter before his leaving for the East. Defendant came home before the judgment was entered, and by the conversations with Mr. Hoge, had obtained full knowledge of the proceedings about to take place, although he may not have known the precise time, when it was entered. The authority of Miers F. Truett is never for once questioned by him. All he relies upon now, is the fact that he himself did not put a scroll to the paper, and that his brother had no sealed authority to do so for him. He is under the impression that this was necessary to make the warrant technically valid, and disputes its validity on this ground alone. He imputes an evil design to plaintiff, because he procured the addition of a seal to an instrument, which he, the defendant, at the time, considered as sufficient for the purpose of confessing judgment, and which he intended for that purpose, but which, he flatters himself, he has discovered since to be insufficient by the omission of the seal, and the force of which, for this technical defect alone, he seeks to avoid. This will not do. Whatever strictly

legal advantage a party may occasionally derive from denying the validity of his own acts, which he at a previous time has thought to be perfect and binding, he can never succeed in fastening the reproach of unfair dealing on the other party, who has considered them in the same light, and has acted accordingly.

The present case then falls, in our opinion, precisely within the principle adopted by this Court in the case of *Lyon* v. *Boilvin*, and the cases in New York, upon which that decision was principally founded; and we can, consequently, see no error in the decision of the Court. Indeed, if any one had reason to complain, it was the plaintiff in the action, whose judgment became suspended by the order of the Court. The Court would have been perfectly justified in denying all relief in this matter, for it cannot be denied that the power of attorney to confess judgment, (the signing of which for the purposes intended is not denied in the appellant's affidavit,) was just as good without as with the seal. Although it is usual to affix a seal to such instruments, it is by no means necessary to do so. This is laid down as law in several cases in the English Courts, as in 5 Taunton, 264, (1 Eng. Com. Law R. 103); 1 Chitty, 707, (18 Eng. Com. Law R. 209). Such seems to have been the opinion of the Court in 2 N. Hamp. 520. Upon the authorities of these and other cases, the law is so stated in Tidd's Pr. 546, Graham's Pr. 767, Hammond's Principal and Agent, 221, 445. The defendant, then, by his own showing, was properly in Court on his warrant of attorney without his seal, and the first judgment was binding upon him to all intents and purposes. So it should have remained. Judgment below affirmed with costs.

*Judgment affirmed.*